IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward D. Mack, #261986, | C/A No. 5:11-588-TLW-KDW |
| Plaintiff, | |
| vs. | ORDER |
| Daniel Cotter, W.M. Tisdale, Michael McCall, Miriam Snyder, Barrette Durant, Robert Johnson, and Lavern Epps | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion for Reconsideration of Order in Part (ECF No. 63), Plaintiff's Motion to Amend Complaint (ECF No. 61), Plaintiff's Motion for Sanctions (ECF No. 65), Plaintiff's Motion to Compel (ECF No. 66), and Defendant's Motion to Stay or Limit Discovery (ECF No. 78). Defendants have filed Responses in Opposition to each of Plaintiff's Motions. *See* ECF Nos. 63, 67, 85, 76. Plaintiff did not respond to Defendant's motion.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Plaintiff's Motion for Reconsideration of Order in Part**

Plaintiff's Motion for Reconsideration (ECF No. 63) asks that the court reconsider its rulings regarding two of the multiple rulings in the court's October 19, 2011 Order (ECF No. 58)[1] on Plaintiff's motion to compel. In particular, Plaintiff argues the court should

---

[1] This matter was reassigned to the undersigned on January 1, 2012. ECF Nos. 79-80. Previously, United States Magistrate Judge Bruce H. Hendricks handled all pretrial matters in this case. Judge Hendricks issued the October 19, 2011 Order that Plaintiff asks the court to

reconsider its denial of his motion to compel Defendants' response to his First Request for Production of Documents to Michael McCall, Number 8 and to his First Request for Production of Documents to Barrett Durant, Number 3. ECF No. 63. The two requests at issue are identical and seek records of "any and all property belonging to or attributed to" Plaintiff that "has been confiscated, removed, replaced, and/or destroyed[.]" In the court's October 19, 2011 Order, the court noted Defendants McCall and Durant had provided all responsive information they had. ECF No. 6-7.

Plaintiff asks that the matter be reconsidered because Defendants allegedly responded to the requests untruthfully. ECF No. 63 at 1. Plaintiff attaches a policy of the South Carolina Department of Corrections (SCDC) that requires a log of confiscated property be maintained. ECF No. 63-1. Defendants respond to Plaintiff's Motion for Reconsideration, again submitting records of contraband are not kept and agreeing with the court that they cannot produce records that do not exist. ECF No. 74.

Nothing in Plaintiff's motion persuades the court that the October 19, 2011 ruling was erroneous, and Defendants have again represented to the court they have no additional documents responsive to the request at issue. Plaintiff's Motion for Reconsideration (ECF No. 63) is denied.

**Plaintiff's Motion to Amend Complaint**

On November 4, 2011, Plaintiff filed a Motion to Amend the Complaint to properly identify Defendant D. Woods-Tisdale, who is listed as Wm. Tisdale in the original Complaint, to supplement his Complaint with additional information regarding transactions and occurrences since the filing of the original Complaint. ECF No. 61.

---

reconsider. In Plaintiff's Motion for Reconsideration, he sets out an additional factual allegation and does not question Judge Hendrick's ruling on the facts that were before the court at that time. ECF No. 63. Accordingly, the undersigned may appropriately rule on Plaintiff's Motion for Reconsideration.

Defendants state in their Response (ECF NO. 67), they do not oppose the Plaintiff's request to properly identify Defendant Woods-Tisdale, but they question whether an Amended Complaint is necessary.

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (noting courts favor "resolution of cases on their merits."). Because Plaintiff's proposed Amended Complaint includes reference to some "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented," Rule 15(d) also applies to his request to amend. Fed. R. Civ. P. 15(d).[2] Such pleadings are permissible "on motion and reasonable notice . . . [and] on just terms." Fed. R. Civ. P. 15(d).

Defendants do not object to Plaintiff's proposed amendment, and the court finds it appropriate to give leave for the amendment. Plaintiff's Motion for Leave to File an Amended Complaint and Supplement Pleadings (ECF No. 61) is granted. The clerk is to file Plaintiff's proposed Amended Complaint (ECF No. 61-1) as the operative complaint in this

---

[2] Rule 15(d) provides:
> (d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

case, and the caption shall be amended to identify Defendant WM Tisdale as D. Woods-Tisdale.

**Plaintiff's Motion to Compel**

On November 18, 2011, Plaintiff filed a Motion to Compel. ECF No. 66. On December 5, 2011, the Defendants filed their opposition. ECF No. 76.

Federal Rule of Civil Procedure 37 provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (holding the "Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (holding "[a] motion to compel discovery is addressed to the sound discretion of the district court.")).

In his Motion to Compel, Plaintiff seeks an order compelling the production of certain documents from Defendants Barrette Durant ("Durant"), Daniel Cotter ("Cotter"), and Michael McCall ("McCall"). *See* ECF. No. 66. The court will address each disputed request in turn.

A. Production from Defendant Durant

Plaintiff's second request for production of documents to Defendant Durant and his responses are as follows:

> 1. Any and all 0200 reports initiated and/or completed against you, to include performance appraisals.
>
> The information is not available to the Plaintiff for security reasons.

4

ECF No. 66-1 at 1. In his Motion to Compel, Plaintiff asserts that Durant "failed to identify any security reason to why his 0200 reports and performance appraisals should not be disclosed." ECF No. 66 at 1. He further submits the information requested "may reveal and/or lead to relevant evidence of histories, patterns, etc. of similar acts consistent to Plaintiff's claims that Defendants were operating outside the bounds[.]" *Id.*

In response, Defendant Durant states that "[s]uch information could be used to compromise security both inside and outside the facility. Plaintiff is also not entitled to any information as to the identity or SCDC number of any other inmates for the protection of those inmates . . ." Durant further states that the performance appraisals or complaints against him are "not relevant to the issues raised by the Plaintiff and are outside the scope of discovery." ECF No. 76 at 1.

The court finds Defendant Durant's objections regarding security concerns are founded. The information Plaintiff seeks is not likely to provide information relevant to Plaintiff's claims. Accordingly, Plaintiff's motion to compel is denied as to Request 1 of his Second Set of Requests to Produce to Defendant Durant.

> 2. 19-2 Inventory form for Plaintiff's property while being packed on January 5, 2010.
>
> This document has previously been provided.
>
> 3. 19-2 inventory form for Plaintiff's property which was packed on January 5, 2010.
>
> See no. 2 above.

ECF No. 66-1 at 1. Defendants responded to these requests by indicating they already provided such forms. ECF No. 66-2 at 1.

In his motion, Plaintiff submits he had not previously requested these forms and Defendants had not provided them. ECF No. 66 at 1. In response, Defendant Durant states that a search of the property records at both the Lee Correctional and Perry Correctional

5

Institutions do not show an inventory form for January 5, 2010. He notes Plaintiff had previously been provided with an inventory form from January 6, 2010, and suggests Plaintiff could have misstated the date in this request. ECF No. 76 at 1.

Defendant Durant cannot be expected to produce documents he does not have. Plaintiff's motion to compel is denied as to Requests 2 and 3 of his Second Set of Requests to Produce to Defendant Durant.

> 5. Records from contraband log book for any and all searches, shakedown, seizures, etc. of Plaintiff's cells and person for the date January 2009 through September 20, 2010.
>
> That information is not available to the Plaintiff for security reasons.

ECF No. 66-1 at 1. Plaintiff asserts that Durant "fails to identify any security reason which would preclude him from disclosing the records of plaintiff's searches, shakedowns, seizures, confescations (sic), etc." ECF No. 66 at 2. Defendant Durant states that providing Plaintiff with this information would "provide the Plaintiff with information concerning patterns or frequency of searches or shakedowns." He further states that "Plaintiff has been provided with the relevant records concerning the confiscation of contraband (a cell phone and cell phone charger) in this case," and that "other searches, seizures, confiscations or shakedowns would not be relevant to the issues raised in the Plaintiff's Complaint and would be outside the scope of discovery." ECF No. 76 at 2.

The court finds Defendant Durant's objections regarding security concerns are founded. Further, Plaintiff has been provided records regarding contraband confiscated from him. The information Plaintiff seeks is not likely to provide information relevant to Plaintiff's claims. Accordingly, Plaintiff's motion to compel is denied as to Request 5 of his Second Set of Requests to Produce to Defendant Durant.

> 6. The quarterly report of confiscated property which depicts any and all confiscations of Plaintiff's property.
>
> That information is not available to the Plaintiff for security reasons.

ECF No. 66-1 at 1. Plaintiff again asserts that Durant "fails to identify any security reason which would preclude him from disclosing the records of plaintiff's searches, shakedowns, seizures, confescations (sic), etc." ECF No. 66 at 2. Defendant Durant states that providing this information to the Plaintiff would "give Plaintiff personal information and SCDC numbers of other inmates." He further states that "Plaintiff has been provided with information concerning the confiscation which is the subject of this lawsuit. Plaintiff's request in this regard would be outside the scope of discovery." ECF No. 76 at 2.

The court finds Defendant Durant's objections regarding security concerns are founded. In addition, Plaintiff has been provided this information regarding information as to the confiscation that is at issue in this suit. The additional information Plaintiff seeks is not likely to provide information relevant to Plaintiff's claims. Accordingly, Plaintiff's motion to compel is denied as to Request 6 of his Second Set of Requests to Produce to Defendant Durant.

B. Production from Cotter

Plaintiff's second request for production of documents to Defendant Cotter and his response is as follows:

> 3. Records of what you did with the items from your incident report dated October 1, 2010, for the Plaintiff's items, cell phone, charger, batteries, soups, sodas, lock (2) keys and food items.
>
> Those items were contraband and would have been destroyed.

ECF No. 66-1 at 3. Plaintiff asserts that this is an "incomplete and evasive answer." ECF No. 66 at 2. Defendant Cotter again states that "the items were contraband and would

7

been destroyed. This clearly sets forth the practice as to contraband seized. There are no additional records." ECF No. 76 at 2.

Defendant Cotter cannot be expected to produce documents he does not have. Plaintiff's motion to compel is denied as to Request 3 of his Second Set of Requests to Produce to Defendant Cotter.

C.     Production from Defendant McCall

Plaintiff's second request for production of documents to Defendant McCall and his responses are as follows:

> 1.     Any and all 0200 reports initiated and/or completed against McCall, Daniel Cotter, Cpl. Tisdale and Miriam Snyder to include performance appraisals.
>
> This request seeks personal information on SCDC employees, including performance appraisals, and is restricted for security reasons. In addition, this request is outside the scope of discovery in that the requested materials are not relevant to the issues in this case and are not likely to lead to relevant evidence.

ECF No. 66-1 at 4. In his Motion to Compel, Plaintiff copies his assertion that McCall "failed to identify any security reason to why his 0200 reports and performance appraisals should not be disclosed." ECF No. 66 at 1, 2. Defendant McCall, in his response, states that "[s]uch information could be used to compromise security both inside and outside the facility. Plaintiff is also not entitled to any information as to the identity or SCDC number of any other inmates for the protection of those inmates . . ." McCall further states that the performance appraisals or complaints against him, Daniel Cotter, Cpl. Tisdale and Miriam Snyder are "not relevant to the issues raised by the Plaintiff and are outside the scope of discovery." ECF No. 76 at 3.

The court finds Defendant McCall's objections regarding security concerns are founded. The information Plaintiff seeks regarding McCall, Cotter, Tisdale, and Snyder is not likely to

8

provide information relevant to Plaintiff's claims. Accordingly, Plaintiff's motion to compel is denied as to Request 1 of his Second Set of Requests to Produce to Defendant McCall.

> 5. Copies of C-dorm log book for dates October 1, 2010, October 29, 2010 through November 5, 2010 and May 27, 2011.

Enclosed

ECF No. 66-1 at 4. Plaintiff asserts that "the copies which were enclosed are incomplete due to the redactions which were made prior to enclosing to the Plaintiff. These redactions has skillfully eliminated all of the relevant evidence essential to Plaintiff's claims and are not a part of the normal course of how these records are kept." ECF No. 66 at 2-3. Defendant McCall, in his response, states that Plaintiff was provided with the "requested pages from the log book, but redacted information, including names and SCDC number of other inmates . . . . The Defendants also redacted the inventories of restraints and security items from that dorm." He further states that "[t]he redacted information would also be outside the scope of discovery." ECF No. 76 at 3.

The court finds Defendant McCall's redactions of the names and SCDC numbers of other inmates and of inventories of restraints and other security items contained in C- Dorm was appropriate for security and privacy reasons. In addition, the redacted information about which Plaintiff complains is not relevant to Plaintiff's claims. Plaintiff's motion to compel is denied as to Request 5 of his Second Set of Requests to Produce to Defendant McCall.

> 6. The items listed in incident report for Plaintiff dated October 1, 2010, cell phone, charger, lock, (2) keys, batteries, sodas and food items.
>
> These items were considered contraband and would have been disposed of. The Plaintiff has been provided with a photocopy of the photograph of the cell phone, charger, padlock and keys.

ECF No. 66-1 at 4-5. Plaintiff asserts that the photocopy does not "depict any food items, sodas or batteries." He also asserts that just because McCall stated that these items would have been destroyed "is not confirmation that they were disposed of. If not 'disposed of'

9

then the Plaintiff again request production of these items." ECF No. 66 at 3. Defendant McCall states that Plaintiff "was provided with the incident report and a photo copy of photographs taken of the cell phone, charger, lock and (2) keys." He further states that he does not have any other documentation, that Plaintiff has been given all of the documents in his possession concerning these confiscated items, and that he has fully responded to this request. ECF No. 76 at 3-4.

Defendant McCall cannot be expected to produce documents he does not have. Plaintiff's motion to compel is denied as to Request 6 of his Second Set of Requests to Produce to Defendant McCall.

> 7. The following areas for examining and measuring, briefing room, lobby (operations), medical cell area (operations) and lobby (x-ray machine).
>
> The Defendant cannot produce portions of their facility. Measurements of those areas are not relevant to the issues raised in the Plaintiff's Complaint and would be outside the scope of discovery.

ECF No. 66-1 at 5. Plaintiff asserts that "measuring and examination of the requested areas are not just relevant to the issues raised but absolutely necessary being that these areas encompass the locations mentioned in Defendant Cotter's incident report, therefore making these areas the alleged 'crime scene.'" He further asserts that examination of these areas is necessary for trial preparation. ECF No. 66 at 3. Defendant McCall reiterates his response that he cannot produce portions of the facility, that measurements of these areas are not relevant and outside the scope of discovery. ECF No. 76 at 4. The court finds Defendant McCall's objections valid and denies Plaintiff's motion to compel as to Request 7 of his Second Set of Requests to Produce to Defendant McCall.

**Plaintiff's Motion for Sanctions**

On November 18, 2011, Plaintiff also filed a Motion for Sanctions. ECF No. 65. On December 5, 2011, Defendants filed their opposition. ECF No. 75.

In that motion, Plaintiff requests Defendants be sanctioned for failing to comply with the Order of the Honorable Bruce Howe Hendricks (ECF No. 58) that granted in part and denied in part his prior motion to compel (ECF No. 48). Specifically, Plaintiff submits Defendant McCall failed to provide two specific SCDC policies—Employee Corrective Action, Admin. 11.04 and Employee Conduct, Admin. 11-17. ECF No. 65. Plaintiff argues those policies were the "gist" of his prior motion to compel and the court's prior order. *Id.* at 1. Without further explanation, Plaintiff argues Defendant McCall's failure to provide those specific policies was not accidental. *Id.* at 1-2. He asks that he be provided with the policies and that the court sanction Defendants.

In response, Defendants state they complied with the court's October 19, 2011 order by providing five additional SCDC policies to Plaintiff. ECF No. 75. They submit Plaintiff had not requested the specific policies he references in his sanctions motion. *Id.* Nonetheless, Defendants indicate they have now provided Plaintiff with those two policies. ECF No. 75 at 1. They further submit that they have responded to Plaintiff's requests and complied with the court's order in good faith, making an award of sanctions inappropriate. *Id.* at 1-2.

The court agrees with Defendants. As Defendants have now provided Plaintiff with the two policies he specifically references in his motion for sanctions, no further discussion of those policies is required. The court finds Defendants have responded to the court's order that it supplement its response to Plaintiff's request number 1 to Defendant McCall in good faith. Sanctions are not warranted, and Plaintiff's motion for sanctions (ECF No. 65) is denied.

**Defendants' Motion to Stay or Limit Discovery**

On December 6, 2011, Defendants moved to stay or limit discovery, seeking "an Order staying further discovery from the Plaintiff in this case, or, in the alternative, limiting

11

additional discovery from the Plaintiff." ECF No. 78 at 1-2. Defendants state that the Plaintiff submitted the previous discovery requests:

> Plaintiff's First Set of Interrogatories to the Defendant Robert Johnson, consisting of 12 interrogatories; Plaintiff's First Set of Interrogatories to Defendant Daniel Cotter, consisting of 20 interrogatories; Plaintiff's First Set of Interrogatories to Defendant Michael McCall, consisting of 10 interrogatories; Plaintiff's First Set of Interrogatories to Miriam Snyder, consisting of 17 interrogatories; Plaintiff's First Request for Production of Documents to Daniel Cotter, consisting of 3 requests; Plaintiff's First Request for Production of Documents to Michael McCall, consisting of 8 requests; Plaintiff's First Request for Production of Documents to Barrette Durant, consisting of 6 requests; Plaintiff's First Request for Production to Defendant Epps consisting of 4 requests; Plaintiff's Second Request for Production to Daniel Cotter, consisting of 3 requests; Plaintiff's Second Request for Production to Michael McCall, consisting of 7 requests; and Plaintiff's Second Request for Production to Barrette Durant, consisting of 6 requests.

*Id.* at 1. Defendants state they have fully responded to the above discovery requests, and that Plaintiff served his First Set of Interrogatories and First Request for Production directed to D. Woods-Tisdale. *Id.* Plaintiff has filed no opposition to this motion.

Citing Federal Rule of Civil Procedure 26(b)(2)(C), Defendants ask that the court stay or limit any further discovery requests by Plaintiff. Defendants submit they have produced large volumes of documents and have endeavored to be responsive to Plaintiff's numerous requests. ECF No. 78. They submit Plaintiff has sought cumulative or duplicative documents and has had ample opportunity to obtain information concerning his claims. The court agrees.

Rule 26(b)(2)(C) permits the court to limit the "frequency or extent of discovery otherwise allowed" for several reasons, including its determination that "discovery sought is unreasonably cumulative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in this action," or the "burden or expense of the proposed discovery outweighs its likely benefit[.]" Fed. R. Civ. P. 26(b)(2)(C)(i), (ii), (iii). In this case,

the court has considered several detailed motions to compel filed by Plaintiff and finds he has had ample to time to seek documents and information relevant to his claims.

Further, although this order grants the filing of Plaintiff's proposed Amended Complaint, the amended pleading merely correctly identifies one of the defendants as D. Woods-Tisdale. It does not add additional claims or other defendants and does not require further discovery by the parties. Plaintiff already served Defendants with discovery requests directed to D. Woods-Tisdale. *See* ECF No. 71 (Defs.' Mot. to Enlarge Time to respond to Pl.'s Interrogs. and Reqs. for Produc. to D. Woods-Tisdale). Defendants' responses to Plaintiff's discovery directed to Woods-Tisdale were due December 9, 2011. ECF No. 72. Accordingly, Plaintiff's time to object to Defendants' responses has expired. *See* Local Civil Rule 37.01, D.S.C. (providing in part that motion to compel discovery must be filed within 21 days of receipt of discovery responses at issue or within 21 days of date responses were due).

Defendants' Motion to Stay or Limit Discovery (ECF No. 78) is granted. Neither Plaintiff nor Defendant may propound further discovery requests or otherwise continue discovery.[3] Absent further order of the court, no party shall be required to further respond to discovery already propounded, other than to comply with the ongoing duty to supplement discovery responses found in Federal Rule of Civil Procedure 26(e)(1). *See Walker v. White*, No. 1:08cv350, 2010 WL 1872796 (W.D.N.C. May 10, 2010) (referencing the ongoing duty to supplement disclosures and discovery responses).

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Reconsideration of Order on Motion to Compel (ECF No. 63) is denied; Plaintiff's Motion to Amend Complaint (ECF No.

---

[3] Although Defendants seek to stay or limit Plaintiff's discovery, the court finds sufficient time has passed for all parties to have completed discovery. If Defendants find it necessary to conduct any further discovery, they must seek the court's order.

61) is granted; Plaintiff's Motion to Compel (ECF No. 66) is denied; Plaintiff's Motion for Sanctions (ECF No. 65) is denied; and Defendants' Motion to Stay or Limit Discovery (ECF No. 78) is granted.

        IT IS SO ORDERED.

May 2, 2012
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge