IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward D. Mack, #261986, | ) | C/A No. 5:11-588-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Daniel Cotter, W.M. Tisdale, Michael McCall, Miriam Snyder, Barrette Durant, Robert Johnson, and Lavern Epps | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Request an Order to Permit Correspondence, filed on June 15, 2012. ECF No. 100. Defendants filed a response to this motion on July 2, 2012 and Plaintiff filed a reply to Defendants' response on July 9, 2012. ECF No. 103, 105.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

Plaintiff's Motion to Request an Order to Permit Correspondence asks the court to order prison officials to permit Plaintiff to send correspondence for the limited purpose of requesting affidavits or declarations from other inmates and prison personnel in order to provide support for Plaintiff's response to Defendants' summary judgment motion. ECF No. 100 at 1. Plaintiff lists the names of six inmates from whom he would like to obtain affidavits or statements. *Id.* at 2. Plaintiff does not name the prison personnel he is seeking to contact. *Id.*

In their Response, ECF No. 103, Defendants state that they generally agree that Plaintiff should be allowed access to evidence and information to prosecute his case or respond to the Defendants. Given the security concerns regarding inmates corresponding with other inmates, Defendants propose allowing Plaintiff to send his correspondence with the following restrictions:

1. SCDC officials not parties to this case will review Plaintiff's correspondence to inmates to make sure that the correspondence itself does not raise any security issues and that the communication relates to the issues in this case. The officials will also review their records to assure there are no orders requiring separation between Plaintiff and the other inmates.

2. Defense counsel will bring issues regarding separation or any security concerns or objections concerning the relevance of the contents of the Plaintiff's communication to the court for appropriate resolution. If there are no issues involving a need for separation, security concerns or concerns of relevance relating to the Plaintiff's communication to the requested inmates, SCDC officials will forward Plaintiff's communication to those inmates.

3. The communication from the requested inmates will be reviewed by SCDC officials for security issues and relevance to this case. Defense counsel will bring any security or relevance concerns to the court for appropriate resolution. If there are no security issues or other issues raised by the response of inmates, the officials will forward the information to the Plaintiff.

In his reply to Defendants' response, ECF No. 105, Plaintiff indicated that he agrees with Defendants' proposed restrictions, but asked that the persons who Defendants assign to review his correspondence also not be witnesses, potential witnesses or someone with knowledge of the case. Plaintiff provided a list of persons who he believes would be appropriate candidates to review the correspondence. Plaintiff reiterated that his request also included permission to correspond with SCDC officials; however, Plaintiff again does not provide the names of the officials with whom he wishes to correspond.

Based on the above, the court GRANTS Plaintiff's request for permission to correspond with the following inmates: Marcus Rirsk, Freddie Butler, Cody Waters, Tim Daddy, Brian Sturgeon, and Vernall Ishmel. Plaintiff's communications shall be subject to

2

the above outlined restrictions as provided by Defendants, and the SCDC personnel assigned to review Plaintiff's correspondence shall not be parties or witnesses in this matter. As Plaintiff has not provided the names of the SCDC employees with whom he wishes to correspond, Plaintiff's request to correspond with SCDC personnel is DENIED.

       IT IS SO ORDERED.

July 19, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge