IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward D. Mack, #261986, | ) | C/A No. 5:11-588-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Daniel Cotter, W.M. Tisdale, Michael McCall, Miriam Snyder, Barrette Durant, Robert Johnson, and Lavern Epps | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on the Motion for Summary Judgment filed by Defendants on May 21, 2012. ECF No. 93.  As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on May 22, 2012 advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 93.  Plaintiff responded to Defendants' Motion for Summary Judgment on June 25, 2012, ECF No. 102, and filed a Supplemental Response in Opposition to Defendants' Summary Judgment Motion on December 4, 2012, ECF No. 128.  This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.[2] Because these motions are dispositive, a Report and Recommendation is entered for the court's review.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).
[2] On January 2, 2012, the matter was reassigned from United States Magistrate Judge Bruce Howe Hendricks to the undersigned. ECF No. 80.

I.      Background

Plaintiff, Edward D. Mack, is an inmate housed at Perry Correctional Institution ("PCI"). ECF No. 89 at 3.   Plaintiff filed his initial Complaint on March 11, 2011, ECF No. 1, and submitted an amended Complaint on May 2, 2012 which the court permitted to be filed and served, ECF No.   89.   Plaintiff's complaints allege a number of constitutional and other deprivations against Defendants, including deprivation of liberty, property and privileges; denial of access to courts; denial of freedom of speech; deliberate indifference; and abuse of power. ECF No. 89 at 3.   Specifically, Plaintiff contends that Defendants fraudulently placed him in disciplinary segregation, failed to provide him with his legal box, failed to timely and accurately provide legal books, failed to provide correspondence material, failed to accurately and timely process his grievances, and deprived him of his personal property.   ECF No. 89 at 4.   Plaintiff seeks immediate access to legal books, the return of his legal box in its entirety, present and future monetary damages relating to the failure to return his legal box and provide legal books, the return of his personal property, sanctions lifted and monetary compensation for 267 days in disciplinary segregation, punitive damages, and a formal apology from all Defendants.  *Id.* at 6.

II.     Standard of Review

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the

3

court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.     Analysis

A.  Failure to State a Cause of Action Against Defendant McCall

Plaintiff contends that Defendant Cotter fraudulently placed him in disciplinary confinement and improperly withheld his legal box.  ECF No. 89 at 4.  Plaintiff also alleges Defendant Tisdale failed to provide him with legal books and correspondence material.  *Id.* Plaintiff avers that Defendant McCall had knowledge of the unconstitutional actions taken by Defendants Cotter and Tisdale and permitted these Defendants "to go and continue uncorrected with unsubstantiated decisions and negligence."  *Id.*

Defendants argue that they are entitled to summary judgment on Plaintiff's claims against McCall and offer an affidavit from McCall.  McCall attests he was unaware of Plaintiff's property being intentionally mishandled or improperly confiscated or destroyed and that he does not recall Plaintiff informing him of unconstitutional actions taken by Defendants Cotter or Wood-Tisdale.  ECF No. 93-2 at 1.  McCall further avers that he had no knowledge of Defendants Cotter or Tisdale engaging in any negligent activity or violating Plaintiff's clearly established constitutional rights.  *Id.*   McCall further states that PCI's policy of x-raying incoming property was instituted due to the high incidents of inmates arriving at PCI with contraband in their possession.  *Id.*  Defendants contend that Plaintiff does not make any allegations that McCall has personally violated his constitutional rights or negligently harmed him and therefore Plaintiff's claims against McCall should be dismissed.   ECF No. 93-1 at 3.  In response to Defendants' argument that McCall was unaware that Plaintiff's property or legal box had been intentionally mishandled or improperly confiscated or lost, Plaintiff offers a newspaper article to

demonstrate "the practice that Defendant M. McCall implement[ed] concerning the taking and withholding of inmates in lock-up unit legal boxes which contain their legal papers." ECF No. 128-3. Plaintiff contends that this article addresses a riot at PCI in June 2012 in which one of the inmates' demands was the "restoration of 'legal papers they said the new warden had taken away.'" *Id.*

"Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (citation omitted). To successfully pursue such a theory, Plaintiff must demonstrate that he faced a pervasive and unreasonable risk of harm from a specified source, and that the supervisor's corrective inaction amounted to deliberate indifference or tacit authorization of the offensive practices. *Id., see also Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984).

The undersigned finds that the newspaper article concerning a riot at PCI by unidentified inmates and Plaintiff's bald allegation that McCall was aware of the mishandling of Plaintiff's property, without more, is insufficient to establish that Defendant McCall tacitly authorized or was deliberately indifferent about the alleged loss of Plaintiff's property and the material in Plaintiff's legal box. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [summary judgment] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). To the extent Plaintiff attempts to rely on the doctrine of supervisory liability, the undersigned recommends that summary judgment be granted as to this claim.

B. Denial of Access to Courts

Plaintiff alleges that Defendant Cotter "failed to provide [him] with [his] legal box; therefore [Plaintiff] was unable to properly prepare and present pending case and previous case (10-1-10 – 5-27-11)." ECF No. 89 at 4. Plaintiff also contends that Defendant Tisdale "failed to provide legal books in an accurate and timely manner; wherefore [Plaintiff] was unable to properly research, prepare and present pending case (10/10-6/10)." *Id.* Plaintiff also avers that Defendant Tisdale did not provide him with "general materials which had been requested for corresponding (10-22-10 – 6/10)." *Id.*

Defendants contend that Plaintiff has not specifically alleged an actual injury that he suffered as a result of Defendants' conduct. ECF No. 93-1 at 3. Further, Defendants state that Plaintiff's legal box was retained on October 1, 2010 to search for contraband and returned on October 29, 2010; Defendants aver that there is no recollection of anyone removing material from Plaintiff's legal box. *See* Cotter Aff., ECF No. 93-3 at 1. Defendants also aver that they provided legal materials to Plaintiff in the same manner as such materials are provided to other inmates. *See* Tisdale Aff., ECF No. 93-9 at 1. Defendants also contend that in addition to legal materials, Plaintiff received envelopes, pens and paper twice in November 2010, and once in December 2010 and January, February and March 2011, and would have also received monthly supplies provided to all lock-up and indigent inmates. *Id.* at 1-2. Defendants also assert that Plaintiff's book requests were filled in the same manner as other inmates and based on the availability of the requested book and the frequency of law book requests. *Id.* at 2.

The right of access to the courts is the right to bring to court a grievance that the inmate wished to present and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey,* 518 U.S. 343, 350-53 (1996). In order to make

out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Actual injury requires that the inmate demonstrate that his "non-frivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 354-55.

Plaintiff has not offered any evidence to support his allegations that his legal box, requests for legal materials and correspondence materials were improperly withheld. Further, although Plaintiff contends he is not able to properly contest Defendants' summary judgment motion because of Defendants' failure to properly respond to his discovery requests, ECF No. 102-1, Plaintiff would not need information from Defendants to explain how he was injured by Defendants purported withholding of his legal box and legal books and correspondence materials. As Plaintiff has failed to furnish any facts or evidence sufficient to establish that he suffered harm in any court action he had pending or planned to file, the undersigned recommends that this claim be dismissed. *Cochran*, 73 F.3d at 1317 (finding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury).

C. Failure to Accurately and Timely Process Grievances

Plaintiff contends that "Defendant Snyder's disregard of duties has denied [him] the opportunity to have [his] complaints resolved in an accurate and timely fashion, therefore extending [his] grief and increasing the damages, present and future (10/10 - . . . )." ECF No. 89 at 4. Defendants assert that Plaintiff's grievances were properly processed, but even if they were not, Plaintiff's allegations do not state a constitutional claim. *See* Hallman Aff., ECF No. 93-23 at 1-2; ECF No. 93-1 at 5.

Inmates do not have a constitutionally protected right to a grievance procedure within the prison system under the First Amendment, the Due Process Clause, or any other statute. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) (finding "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.")  Thus, there is no constitutional right to file a grievance, and there is no constitutional right to have a grievance timely determined within the prison system. Accordingly, the undersigned recommends that Plaintiff's claim related to his right to have his grievances timely and accurately processed be dismissed.

D.  Fraudulent Disciplinary Charge

Plaintiff alleges that Defendant Cotter had him fraudulently placed in disciplinary segregation. ECF No. 89 at 4.  In support of their argument for summary judgment on this claim, Defendants offer an affidavit from Defendant Cotter.   ECF No. 93-1.  Defendant Cotter attests that he inventoried Plaintiff's property on October 1, 2010 and discovered a blue mesh bag containing food items, including soup cans, batteries, cans of soda and a Master Padlock.  ECF No. 93-3 at 1.  Cotter states that the soup cans were x-rayed and a cell phone and charger were discovered and Plaintiff was immediately placed on prehearing detention status. *Id.* at 1-2. Cotter avers that Plaintiff was charged and convicted of possession of a cell phone and was sentenced to 702 days of disciplinary detention. *Id.* at 2.  Plaintiff opposes this motion and submits an affidavit from fellow inmate, Tim Darby, who attests that he was present in the lobby area of operations on October 1, 2010 with Plaintiff and inmate Tremain Jowers while they were waiting to have their legal boxes x-rayed.  ECF No. 128-2.  Darby states that Defendant Cotter and other SCDC officers came to the lobby and Defendant Cotter handcuffed Jowers and took him to lock up for bringing a cell phone to the institution. *Id.*  Darby contends that Jowers was

walked out the lobby and he and Plaintiff were left behind. *Id.* Darby's affidavit provides no facts regarding Plaintiff's property and the alleged discovery of contraband. Plaintiff also asserts that he has attempted to secure affidavits from other inmates concerning "essential facts to justify" his opposition to Defendants' motion, however he has not been able to confirm that these inmates received his correspondence. ECF No. 128 at 1-2.

The undersigned finds that Plaintiff is unable to proceed on his claim for monetary damages for his alleged fraudulent placement in disciplinary segregation. In *Heck v. Humphrey*, the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 when success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Heck*, 512 U.S. at 486-87. Subsequently, the Court held that *Heck* also applies to civil right actions that do not directly challenge confinement, but instead allege procedural defects that necessarily imply the invalidity of the punishment imposed. *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997). Plaintiff's claim for relief, if granted, would implicitly invalidate his disciplinary convictions, and because Plaintiff has not shown that his possession of contraband conviction has been reversed or declared invalid, his § 1983 claim for monetary damages is barred by the holdings in *Heck* and *Edwards*.

E.  Deprivation of Personal Property

Plaintiff argues that Defendants Johnson, Durant and Epps deprived him of a television, television accessories, two cables, splitter, Coleman cooler, Westbend hot pot, 60 canteen items, 10 books, chessboard with pieces, clear rain jacket and several legal papers. ECF No. 89. Defendants contend that Plaintiff's claims concerning his personal property do not rise to the level of a constitutional violation. ECF No. 93-1 at 7.

A prisoner's claim for deprivation of personal property is not cognizable under § 1983. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (holding that a prisoner was "deprived" of his property within the meaning of the due process clause of the Fourteenth Amendment but that the state's tort remedy provided all the process that was due); *see also, Mora v. City of Gaithersburg*, 519 F.3d 216, 230-32 (4th Cir. 2008)(finding that deprivations of personal property by corrections officials are not constitutional violations where there are procedures available for the inmate to recover that property or to be financially compensated for the loss). Here, Plaintiff can institute a civil action in the state courts to recover his personal property under state law. *See*, e.g., S.C. Code § 15-69-10 *et seq*. Therefore, the undersigned recommends that this claim be dismissed.[3]

F.  Qualified Immunity

Defendants assert that a reasonable officer would not have known that Defendants' actions were unlawful and therefore they are entitled to qualified immunity. ECF No. 93-1 at 8-9. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct

---

[3] Defendants also contend that Plaintiff's deprivation of personal property claim is barred by the South Carolina Tort Claims Act. There is no indication from Plaintiff's Complaint that Plaintiff intended to bring a state law claim regarding the loss of his personal property and the undersigned therefore declines to grant summary judgment on this ground.

violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that  is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.*  (citations and internal quotation omitted).

The record before the court shows that these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the exercise of their respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that these Defendants be granted qualified immunity.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that the Defendants' Motion for Summary Judgment, ECF No. 93, be granted and that this case be dismissed.

IT IS SO RECOMMENDED.

January 8, 2013                                     Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**