## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Edward D. Mack, #261986, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:11-cv-588-PMD-KDW |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Daniel Cotter, D. Woods-Tisdale, Michael | ) | |
| McCall, Miriam Snyder, Barrette Durant, | ) | |
| Robert Johnson, and Lavern Epps, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Edward D. Mack's ("Plaintiff") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that Defendants' Motion for Summary Judgment be granted. The Court has thoroughly reviewed the record, including Plaintiff's Objections, and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this order.

### BACKGROUND

Plaintiff is an inmate housed at Perry Correctional Institution ("PCI"). Plaintiff filed his initial complaint on March 11, 2011, and submitted an amended complaint on May 2, 2012, which the court permitted to be filed and served. Plaintiff's complaints allege a number of constitutional and other deprivations against Defendants, including deprivation of liberty, property, and privileges; denial of access to the courts; denial of freedom of speech; deliberate indifference; and abuse of power. Specifically, Plaintiff contends that Defendants fraudulently placed him in disciplinary segregation, failed to provide him with his legal box, failed to timely

1

and accurately process his grievances, and deprived him of his personal property.  Plaintiff seeks immediate access to legal books, the return of his legal box in its entirety, present and future monetary damages relating to the failure to return his legal box and provide legal books, the return of his personal property, sanctions lifted and monetary compensation for 267 days in disciplinary segregation, punitive damages, and a formal apology from all Defendants.

Defendants filed a Motion for Summary Judgment ("Motion") on May 21, 2012. Plaintiff responded to Defendants' Motion on June 25, 2012, and filed a Supplemental Response in Opposition to Defendants' Motion on December 4, 2012.

### STANDARD OF REVIEW

### I.    Magistrate Judge's R&R

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c).  The Magistrate Judge makes only a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report.  28 U.S.C. § 636(b)(1).  From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part.  *Id.*  Additionally, the court may receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## II.    Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

In applying this standard, the court is mindful that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The liberal construction requirement, however, does not mean that the court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### DISCUSSION OF PLAINTIFF'S OBJECTIONS

Plaintiff first objects to the Magistrate Judge's finding that Plaintiff failed to furnish any facts or evidence sufficient to establish that he was denied access to the courts as a result of Defendants' conduct. He argues that had the Magistrate Judge considered the facts and evidence that he provided in his response to the Defendants' Motion, the Magistrate Judge would have found that Plaintiff was hindered in his efforts to pursue a legal claim.

The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 352-54 (1996). In order to make a claim that prison officials infringed his right of access to the courts, a prisoner cannot rely on conclusory allegations; instead, he must allege a specific, actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). An inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 351, 353-54. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Id.* at 353. Absent evidence that the prisoner suffered actual injury as a result of prison officials' conduct, the prisoner cannot succeed on a claim for denial of access to the courts.

In his amended complaint, Plaintiff generally alleges that the withholding of his legal box and the failure to provide legal books in a timely manner prevented him from properly researching, preparing, and presenting this § 1983 case and previous cases. However, he makes no allegation that he was prevented from drafting complaints or timely filing court documents, and he does not identify any previous case in which he was harmed. In his response to Defendants' Motion, he argues that since filing this action he has learned that a state court has dismissed his PCR application.[1] He now claims that this dismissal is evidence of an actual injury caused by the prison officials' actions. However, Plaintiff still has not shown with any

---

[1] The Court notes that the PCR application Petitioner references was his second PCR application. The state court fully considered his first PCR application, which was filed on May 3, 2003, and denied on March 31, 2008, *cert. denied* Dec. 16, 2009. *See* Plaintiff's 28 U.S.C. § 2254 petition, No. 9:10-cv-763-TLW, filed March 25, 2010, and dismissed on January 12, 2011, upon Plaintiff's Motion to Withdraw Without Prejudice filed July 23, 2010.

specificity how Defendants' conduct caused an injury with respect to his state PCR application or prevented him from meaningful access to the state court. A review of the PCR Dismissal Order and the public docket for Plaintiff's PCR case reveals that he was able to file multiple documents in furtherance of that case during the period of time he alleges Defendants' conduct denied him access to the courts.[2] Similarly, Plaintiff was able to timely file multiple documents in support of the instant § 1983 action, and Plaintiff has not specifically alleged any way in which Defendants' conduct has denied him access to this Court. Upon review of Plaintiff's objections, his response to Defendants' Motion, and the numerous exhibits in the record, the Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to set forth facts establishing how Defendants' actions caused him to suffer harm in any court action he had pending or had planned to file. Accordingly, the Court overrules Plaintiff's objection and concludes that summary judgment is appropriate for this claim.

Plaintiff next objects to the Magistrate Judge's recommendation that Plaintiff's claim for failure to accurately and timely process grievances be dismissed for failure to allege a constitutional claim. Plaintiff again argues that the Magistrate Judge failed to consider the facts and evidence that he provided in his response to Defendants' Motion. However, the Court finds that no amount of evidence regarding the grievance procedure can aid Plaintiff because inmates do not have a constitutional right to file a grievance or to have it timely determined within the prison system. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). "To state a claim for relief in an action brought under § 1983, [Plaintiff] must establish

---

[2] Plaintiff filed his PCR application on December 8, 2010; a memorandum of law in support of his application on or about January 18, 2011; various motions for discovery and expert testimony; an objection to the State's motion for summary dismissal on or about June 14, 2011; and a Reply and Objection to the Conditional Order of Dismissal on or about August 7, 2011. The state court issued its final order dismissing Plaintiff's PCR on June 20, 2012.

that [he was] deprived of a right secured by the Constitution or laws of the United States, and

that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v.*

*Sullivan*, 526 U.S. 40, 49-50 (1999). Because Plaintiff's grievance claim is not cognizable under

42 U.S.C. § 1983, the Court overrules Plaintiff's objection and sustains the Magistrate Judge's

finding.

Similarly, the Court overrules Plaintiff's objection to the Magistrate Judge's finding that

the claim for deprivation of personal property is not cognizable under § 1983. *See Hudson v.*

*Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized deprivation of property by a

state employee "does not constitute a violation of the procedural requirements of the Due Process

Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

available"). South Carolina law provides a meaningful postdeprivation remedy that permits

Plaintiff to institute a civil action in state court to recover his personal property under state law.

*See* S.C. Code § 15-69-10 *et seq*. Therefore, the Court adopts the Magistrate Judge's

recommendation that summary judgment be granted on Plaintiff's claim for deprivation of

personal property.

The Court also overrules Plaintiff's objection to the Magistrate Judge's finding that the

claim for monetary damages arising out of a fraudulent disciplinary charge is not cognizable

under § 1983. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must

consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of

his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*,

512 U.S. 477, 487 (1994); *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a

prisoner's claim for declaratory relief and money damages based on procedural defects in his

prison disciplinary conviction is not cognizable under § 1983 because it necessarily implies the invalidity of the punishment imposed). Plaintiff has not provided any evidence that his disciplinary conviction for possession of contraband has been reversed or declared invalid. Thus, this Court cannot permit Plaintiff to go forward on his claim for monetary damages for his alleged fraudulent placement in disciplinary segregation, as such a claim is barred under *Heck* and *Edwards*. Accordingly, the Court adopts the Magistrate Judge's recommendation that summary judgment be granted on this claim.

Finally, the Court adopts the Magistrate Judge's recommendation that summary judgment be granted as to Plaintiff's claim against Defendant McCall. Plaintiff objects to the Magistrate Judge's finding that Warden McCall did not have knowledge of the prison officials' alleged unconstitutional actions involving Plaintiff's legal box and requests for legal books. However, as the Court has found that Plaintiff failed to establish a constitutional violation of his right of access to the courts, Plaintiff's claim of supervisory liability against Defendant McCall necessarily must fail. *See Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984) (describing the firmly established principle that "supervisory officials may be held liable in certain circumstances for the *constitutional injuries* inflicted by their subordinates" and that such liability is premised "on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the *constitutional injuries* they inflict on those committed to their care") (emphases added). Accordingly, the Court overrules Plaintiff's objection to the Magistrate Judge's finding that Plaintiff failed to state a cause of action against Defendant McCall.[3]

---

[3] Because the Court finds no constitutional or statutory violations, the Court need not address Plaintiff's objections to the Magistrate Judge's finding that Defendants are entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials from liability for civil

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment be **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 20, 2013**
**Charleston, SC**

---

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") (internal quotation omitted).  Furthermore, the Court overrules Plaintiff's objection regarding his remaining discovery issues, as these issues are moot in light of the Court's finding that summary judgment is due to be granted on all claims as a matter of law.  Finally, because the Court has addressed Plaintiff's concerns regarding the Magistrate Judge's review of the record evidence with regard to specific claims, the Court declines to address Plaintiff's general objection regarding evidence.  *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) (holding that in the absence of specific objections, the court need not give any explanation for adopting the Magistrate Judge's analysis and recommendations).